FILED

HUNTON & WILLIAMS LLP
EMILY BURKHARDT VICENTE (SBN 263990)
ebvicente@hunton.com
CHRISTIANE A. ROUSSELL (SBN 249847)
croussell@hunton.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
LOWE'S HIW, INC.

2012 APR 18  PM 12: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

*Hunton & Williams LLP*
*550 South Hope Street, Suite 2000*
*Los Angeles, California 90071-2627*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

PATRICK C. ADDISON,

    Plaintiff,

    v.

LOWE'S HIW, INC., and DOES 1
through 25, Inclusive,

    Defendants.

Case No.: CV12-3357 - MMM (MRWx)

**DEFENDANT LOWE'S HIW, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**

LOS ANGELES COUNTY SUPERIOR COURT CASE NO. BC480415

*[Civil Cover Sheet, Notice of Interested Parties, Notice of Related Cases, and Certificate of Service Filed Concurrently Herewith]*

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Lowe's HIW, Inc. hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the state court action described below. In support thereof, Lowe's HIW, Inc. states as follows:

1.     On March 8, 2012, Plaintiff Patrick C. Addison ("Plaintiff") filed an action against Lowe's Home Centers, Inc., which is currently pending in the Superior Court for the State of California, County of Los Angeles, as Case No. BC480415, *Patrick C. Addison  v. Lowe's HIW, Inc., and Does 1-25, inclusive* (the "Action"). On April 5, 2012, Plaintiff amended the Complaint to substitute Lowe's HIW, Inc. for Lowe's Home Centers, Inc. as the only named defendant, and Plaintiff served Lowe's HIW, Inc. by mail on April 6, 2012. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint are attached hereto as **Exhibit A** and a true and correct copy of the Amendment is attached hereto as **Exhibit B**.

2.     On April 17, 2012, Lowe's HIW, Inc. filed its Answer to the Complaint (the "Answer"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Answer is attached hereto as **Exhibit C**.

3.     As set forth more fully below, the Action is one which Lowe's HIW, Inc. may remove to this Court under 28 U.S.C. § 1441 because Lowe's HIW, Inc. has satisfied the procedural requirements and this Court has subject matter jurisdiction over the Action under 28 U.S.C. § 1332(a). There is complete diversity among all parties. (*See* Section II.A. below.)

## I.

## LOWE'S HAS SATISFIED THE
## PROCEDURAL REQUIREMENTS FOR REMOVAL

4.     Plaintiff served Lowe's HIW, Inc. by mail with its amendment naming Lowe's HIW, Inc. as a party on April 6, 2012. In California, service by mail is "deemed complete on the 10th day after such mailing." Cal. Code Civ. Proc. § 415.40.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  Therefore, service was complete on April 16, 2012.  Because Lowe's HIW, Inc. filed

2  its Notice of Removal within 30 days of that date, the Notice of Removal is timely.

3  *See* 28 U.S.C. § 1446(b).

4          5.      Venue lies in the United States District Court for the Central District of

5  California because Plaintiff filed the Action in this judicial district and it remains

6  pending in this judicial district.  *See* 28 U.S.C. § 1441(a).

7          6.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and

8  orders served upon Lowe's HIW, Inc. is attached hereto as follows:

9                  a.  Exhibit A - Plaintiff's Summons and Complaint

10                 b.  Exhibit B - Plaintiff's Amendment

11                 c.  Exhibit C - Defendant Lowe's HIW, Inc.'s Answer

12         7.      Pursuant to 28 U.S.C. § 1332(d), a copy of this Notice of Removal is

13  being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the

14  Superior Court for the State of California, County of Los Angeles.

15                                              **II.**

16                     **REMOVAL IS PROPER BECAUSE THIS**

17                 **COURT HAS SUBJECT MATTER JURISDICTION**

18         8.      The Action is a civil action over which this Court has diversity of

19  citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a).  The Action is removable

20  because there is complete diversity between the parties and the amount in controversy

21  exceeds the jurisdictional minimum.  Therefore, removal is proper under 28 U.S.C.

22  § 1441 in that:

23  **A.**     **The Diversity Of Citizenship Requirement Is Satisfied**

24         9.      Plaintiff is a citizen and resident of the State of California.  (Complaint ¶

25  1.)

26         10.     Lowe's HIW, Inc. ("Lowe's") is a citizen of North Carolina and not a

27  citizen of California.  The phrase "principal place of business" in 28 U.S.C.

28  § 1332(c)(1) refers to the place where a corporation's high-level officers direct,

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. __; 130 S.Ct. 1181, 1192-93 (2010). Lowe's headquarters -- where its high-level officers direct, control, and coordinate the corporation's activities -- is located in North Carolina. (Declaration of Sandra Sanchez ("Sanchez Decl.") ¶ 2.) Thus, for removal purposes, Lowe's is a citizen of the State of North Carolina, not California. Accordingly, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

11.    For each of these reasons, diversity of citizenship exists in this action.

**B.    The Amount In Controversy Requirement Is Satisfied**

12.    The amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000) exclusive of interest and costs. Lowe's need only show by a preponderance of evidence that Plaintiff's claims place more than $75,000 at issue. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996) (noting "preponderance of the evidence" in removal papers is appropriate standard of proof for satisfaction of amount in controversy). To satisfy this standard, Lowe's may support federal jurisdiction by 1) establishing that it is facially apparent that Plaintiff's claims more likely than not exceed the amount in controversy threshold; 2) setting forth in the Notice of Removal the facts in controversy that support a finding of the requisite amount; or 3) submitting an affidavit showing that the amount-in-controversy is met. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (same).

13.    In his Complaint, Plaintiff brings claims for wrongful termination in violation of public policy, negligence, and unfair business practices. (Complaint ¶¶ 1-25.) Plaintiff seeks economic damages (including "lost earnings, front pay, back pay, loss of benefits, loss of employment opportunities, cost to locate other employment, and other employment benefits"), compensatory damages, emotional distress damages, and attorneys' fees. (Complaint ¶ 14, Prayer for Relief.) As set forth

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

3

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

below, Plaintiff's allegations establish that there is more than $75,000 at issue, exclusive of interest and costs.

14.     Although Plaintiff does not specifically state an amount-in-controversy on the face of his Complaint, there is more than the requisite $75,000.00 at issue. Plaintiff alleges that he separated from Lowe's in May 2011. (Complaint ¶ 8.) At the time of his alleged separation from employment in May 2011, Plaintiff was receiving an hourly rate of pay of $17.06 per hour. (Sanchez Decl. ¶ 4.) Consequently, Plaintiff earned approximately $35,484.80 per year as of the date of his alleged separation from employment[1] and would have, therefore, presumably earned at least $32,527.37 if he had continued to work at Lowe's from the date of his alleged termination to the present (a period of approximately 11 months). *See Simmons*, 209 F. Supp. 2d at 1031-32 (noting plaintiff's "lost wages at time of removal totaled $25,600" because of a monthly salary of $2,560 and length of time of approximately 10 months since discharge, which was relevant to finding that amount in controversy was satisfied).

15.     It is also reasonable to assume that Plaintiff's lost wages from the present until the time of trial will equal at least another $35,484.80 - his annual wages earned. In *Simmons.*, the court denied a plaintiff's motion to remand in part based on an estimate of plaintiff's lost wages after the date of removal.  There, the plaintiff had lost wages of $25,600 during the 10 months from the date of termination through removal, and the court held that it was "reasonable to expect" additional damages through trial to "exceed $25,600." 209 F. Supp. at 1029.  In *James v. Childtime Childcare, Inc.*, the court held that the defendant had satisfied the amount in controversy requirement because "[b]eyond roughly $12,700 in lost wages already accrued at the time of removal, the amount in controversy in this action includes additional back pay accrued following removal, emotional distress damages, punitive damages, and attorney's fees." No. Civ. S-06-2676, 2007 WL 1589543 at *2 (E.D.

---

[1] The calculation is: $17.06 x (52 weeks in a year) x (40 hours in a week) = $35,484.80.

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  Cal. June 1, 2007). The court further explained that, in addition to evaluating lost

2  wages at the time of removal, courts also "consider both past and future lost wages."

3  *Id.* at n. 1; *see also Kok v. Kadant Black Clawson, Inc.*, 274 Fed. Appx. 856, 857-58

4  (11th Cir. 2008) (affirming district court's determination that the defendant

5  established damages in excess of the amount in controversy requirement by

6  calculating the plaintiff's backpay from the date of termination through the date of

7  trial); *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fl.

8  2011) ("It appears that back pay for purposes of the amount in controversy

9  requirement shall be calculated to the date of trial."); *Sanders v. Legett & Platt, Inc.*,

10  No. 3:10-CV-00979-M, 2010 WL 3282978, at *2 (N.D. Tex. Aug. 17, 2010)

11  ("Backpay. . . is calculated through the date of the judgment."); *Bayor v. Wal-Mart*

12  *Corp.*, No. 08-12401, 2008 WL 3200022 at *5 (E.D. Mich. Aug. 6, 2008) (finding the

13  defendant's amount in controversy calculation reasonable where "potential back pay

14  awards are based upon what a plaintiff would have earned from the time of

15  termination until the time of trial."). Plaintiff's alleged lost wages through trial alone

16  are conservatively estimated at $68,012.17.[2]

17       16.     The fact that Plaintiff is seeking not just lost wages, but also other

18  categories of damages, including compensatory damages, emotional distress damages,

19  and attorneys' fees, makes it reasonable to conclude that the amount in controversy

20  more likely than not exceeds the jurisdictional minimum. Applying a conservative

21  estimate of 25 percent of estimated lost wages alone ($68,012.17), potential attorneys'

22  fees sought by Plaintiff could exceed $17,000. *See Simmons*, 209 F. Supp. 2d at 1035

23  (finding that satisfaction of jurisdictional minimum is facially apparent from

24  plaintiff's state court Complaint for employment discrimination action because,

25  "[w]hile attorneys' fees alone would not necessarily exceed $75,000, when viewed in

26  combination with alleged compensatory, punitive, and emotional distress damages, the

27  _____

[2] This is an estimate of lost wages through the date of trial, based on current lost
28  wages of $32,527.37 and additional lost wages through an estimated trial date one
year away of $35,484.80.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   jurisdictional minimum is clearly satisfied"); *Guglielmino v. McKee Foods Corp.*, 506

2   F.3d 696, 700 (9th Cir. 2007) (attorneys' fees are properly included in the amount in

3   controversy).[3]

4      17. As stated previously, Plaintiff seeks emotional distress damages.  Even

5   assuming garden variety emotional distress, damages conservatively estimated at

6   $10,000 to $15,0000 are at issue.  These are appropriate to include in the amount in

7   controversy.  *James*, 2007 WL 1589543 at *2.

8      18. Based on the foregoing, the jurisdictional amount in controversy

9   requirement plainly is met.  Removal to this Court is proper under diversity of

10   citizenship jurisdiction.

11      **WHEREFORE**, Lowe's hereby removes this Action from the Superior Court

12   of the State of California, County of Los Angeles, to this Court, pursuant to 28 U.S.C.

13   §§ 1332 and 1441.

14

15   DATED:  April 18, 2012     HUNTON & WILLIAMS LLP

16

17               By:  _____

18                 Christiane A. Roussell
              Attorneys for Defendant
19                 LOWE'S HIW, INC.

20

21

22

23

24

25

26

27

28

---

[3] Lowe's denies that Plaintiff is entitled to any damages whatsoever in this action and generally denies the allegations set forth in the Complaint.

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** LOWE'S HOME CENTERS, INC., and
**(AVISO AL DEMANDADO):** DOES 1 through 25, Inclusive,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 8 - 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

**YOU ARE BEING SUED BY PLAINTIFF:** PATRICK C. ADDISON,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>111 North Hill Street<br>Same<br>Los Angeles, California 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**BC 480415** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT C. BURLISON, JR.     (818) 790-2044   (818) 949-4925
BURLISON LAW GROUP, PC
1117 Foothill Boulevard
La Canada, CA 91011

DATE:                                           JOHN A. CLARKE      Clerk, by _____ Mary Flores , Deputy
*(Fecha)*                                                              *(Secretario)*                                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

*[SEAL]* SUPERIOR COURT, LOS ANGELES COUNTY, CALIFORNIA

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Legal Solutions Plus

A-7

1  ROBERT C. BURLISON, JR. #97461
2  BURLISON LAW GROUP, P.C.
   1117 Foothill Blvd., Suite A
3  La Canada, California 91011-3207
   (818) 790-2044
4  (818) 949-4925 FAX
   RCBBANDL@pacbell.net
5
6  Attorneys for: Plaintiff, PATRICK C. ADDISON

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 8 – 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10                              UNLIMITED

11

12                                          BC 480 415

13

14  PATRICK C. ADDISON,              ) CASE NO.:
                                     )
15                      Plaintiff,   ) COMPLAINT FOR WRONGFUL
                                     ) TERMINATION IN VIOLATION OF
16  vs.                              ) PUBLIC POLICY/DISCRIMINATION,
                                     ) NEGLIGENCE, AND UNFAIR
17  LOWE'S HOME CENTERS, INC.,       ) BUSINESS PRACTICES
    and DOES 1 through 25, Inclusive,)
18                                   )
                                     )
19                      Defendants.  )
                                     )
20  _____ )

21       Plaintiff, PATRICK C. ADDISON ("ADDISON"), alleges:

22

23       **FIRST CAUSE OF ACTION FOR WRONGFUL DISCHARGE IN**

24       **VIOLATION OF PUBLIC POLICY AGAINST ALL DEFENDANTS**

25

26       1.     Plaintiff was, at all times concerned herein, a resident of the County of Los

27  Angeles, State of California.    Plaintiff entered into the employment relationship alleged

28                              **COMPLAINT**

1

A-8

herein within the jurisdiction of the above-referenced court.

2.      Plaintiff is informed and believes, and thereon alleges that defendants, LOWES HOME CENTERS, INC. ("LOWES") and DOES 1 through 25, inclusive, were, at all times mentioned herein, business entities or individuals who owned business entities which were properly licensed under the laws of the State of California and were conducting business within every County in the State of California, including the County of Los Angeles.   Plaintiff is informed and believes that LOWES is incorporated in Mooresville, North Carolina, but at all times was licensed under California corporation laws to conduct business in California.

3.      At all times material herein, defendants, and each of them, were "employers" within the meaning of California Government Code, §12900, et. seq., in that defendants, and each of them, either were persons regularly employing five or more persons, or were persons acting as an agent of an employer, directly or indirectly.

4.      Plaintiff is informed and believes, and thereon alleges, that defendants, and each of them, are, and at all times herein were, in the business of owning and operating a home, construction, and orchard supply business, open to the public.

5.      Defendants, DOES 1 through 25, were, at all times concerned herein, employees, agents, or general partners of defendant, LOWES.   Plaintiff  is currently ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will request leave of this court to amend this complaint to allege the true names and capacities of said DOE defendants when their true identities are ascertained.

6.      Plaintiff is informed and believes, and thereon alleges, that each of the defendants herein was, and at all times relevant to this action, the agent, employee, representing partner, or joint venturer of the remaining defendants and was acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts

**COMPLAINT**

2

A-9

alleged herein, to each of the remaining defendants.

7.     On or about September 1, 2004, ADDISON commenced employment with LOWES, and was employed by LOWES as a team leader, than he was promoted to a sales specialist after one year.  The terms of plaintiff's employment included the public policy not to discriminate nor in any way take any negative employment steps on the basis of, among other traits, plaintiff's disabilities.  LOWES and its employees also, impliedly or expressly, agreed to not take any negative employment steps that they had, previously, agreed not to take, in writing or otherwise.  Plaintiff's hourly rate during his employment was about $17.20, plus he received commissions plus vacation, medical, and dental benefits and a 401K, all as a part of his employment.

8.     From approximately September, 2004 through about February, 2010, plaintiff performed his duties and obligations under his employment with LOWES fully and completely.  On or about February 2, 2010, plaintiff was injured in a work related matter – he went to retrieve a security door, when he injured his lower back area.  Plaintiff was diagnosed with an asymmetrical spine deterioration in his lower disc.  After treatment, he was released to return to work, but he was diagnosed with a disability and therefore had to continue to treat with a doctor and take pain pills.  From his return to work until May 16, 2011, the date of plaintiff's termination from LOWES, defendant's Human Resources Manager, Sandy Sanchez ("SS"), treated plaintiff in a wholly different manner than prior to his injury, including, but not limited to, requiring plaintiff to clock out when he went to a doctor's appointment, requiring him to fill out paperwork each time he went to a doctor's appointment, requiring him to bring back with him proof of attendance at a doctor's office, and writing plaintiff up for matters that, before his injury, would never have been considered an employment offense.  Further, SS instigated and performed a planned effort to compile any and all complaints against plaintiff to support a termination, including accusing him of being "on drugs" when he had to take pain pills for his disability.  Due solely to plaintiff's injury and disability, he was required to be absent for doctor's appointments and he did have

**COMPLAINT**

A-10

to take prescribed medicines to address the pain, however, defendants refused to recognize that plaintiff's disability did create certain limitations and conditions that did affect plaintiff's ability to perform his job in the same manner as before his injury/disability, but that such disability in no manner caused plaintiff to be unable to perform his work to the satisfaction of the job requirements.

9.    At the time of his termination on or about May 17, 2011, while plaintiff had received only glowing reports of his job performance prior to his disability, he had, after his disability, been inundated with "write-ups" from management at LOWES for actions that, prior to this time, were not considered an issue.  These write-ups included times when the medicine plaintiff was taking for his disability/injury made him sick and he was unable to return to the store from lunch on time, being unable to come back to work due to the need to take a blood test, asking plaintiff what drugs he was taking, taking his power equipment license away from him, and using an override of a manager to give a refund to a customer. The efforts to "write up" plaintiff were done for the sole and only purpose to discriminate against plaintiff due to his disability/injury, and to reach the ultimate conclusion of terminating plaintiff from his job at LOWES.  At one point in time, the effort was actually displayed to plaintiff when LOWES LP Officer, Dan Makintrey, SS and either Daniel or Anthony from the LOWES Santa Clarita store, all were talking about plaintiff and plaintiff heard the LP Officer say "fuck him, fire him" when referring to plaintiff.  Immediately after that comment, Anthony called plaintiff into his office at LOWES, advised him he was "in trouble" and wanted plaintiff to "sign a statement", but that plaintiff had "nothing to worry about".  While plaintiff first objected to signing any such statement, Anthony assured him he should just "write it down" and that he didn't have anything to worry about, so plaintiff wrote out a statement.

10.    On or about May 16, 2011, which was plaintiff's next shift after signing the statement he was asked to prepare, plaintiff was advised that, because of his use of a manager's override, he was "making management decisions and, since he was not

**COMPLAINT**

4

A-11

"authorized to make management decisions", he was immediately being terminated. Plaintiff is informed and believes, and thereon alleges that the real basis and purpose of his termination was LOWES' continued discrimination of plaintiff due to his disability. Plaintiff basis this conclusion on the fact that management "decisions" were made all the time by persons in his position, therefore the basis given to plaintiff for his termination was made up, false, and a complete lie. Plaintiff is informed and believed that LOWES' conduct was driven solely on the basis of its discrimination for plaintiff and his disability/injury.

11. On or about May 16, 2011, plaintiff was immediately terminated from his position at LOWES, asked to turn in his bade, asked to employ our his locker, asked to turn in his vest, and paid for his accrued vacation time and salary not yet paid. He was asked to sign a number of documents, which he signed some of them and other he refused to sign, and he was given his Cobra notice. Plaintiff is informed and believes, and thereon alleges that the basis of this termination was also based upon the disability of the plaintiff due to his work related injury mentioned above, and his medical treatment that was required. Plaintiff is informed and believes, and thereon alleges, that LOWES had no legitimate nor work related basis for terminating him and that the actions of LOWES were accomplished by and through a conspiracy of agents/management employed by LOWES. LOWES ratified these agent's actions by allowing plaintiff's wrongful termination. Plaintiff is informed and believes that the actions taken by defendants, and each of them, in terminating plaintiff's employment with LOWES, are discriminatory under the constitutions of the United States and the State of California, and specifically are a violation of The Americans With Disabilities Act of 1990 and California's Business & Professions Code, §17200, et.seq. Plaintiff, in fact, is informed and believes that defendants discharged plaintiff not because of any reasons based on merit or ability to perform his job duties, but because plaintiff was viewed, wrongly, as a person that could not perform his job due to his disability, and one that would cost LOWES for medial and other costs if he was allowed to continue working at LOWES.

**COMPLAINT**

5

A-12

12.     The termination of plaintiff violates plaintiff's constitutional and other rights regarding the protections afforded him under the law against disabilities discrimination, and on the basis of retaliation against plaintiff for his disability, and such actions of defendants, LOWES' and DOES 1 through 25, violate fundamental principles of California public policy embodied in various provisions of the California statutes, including, but not limited to, §17200 of the Business & Professions Code and the Labor Code.

13.     On or before December 15, 2011, plaintiff filed a discrimination complaint with the Department of Fair Employment & Housing ("DFEH") and the United State Equal Employment Opportunity Commission ("EEOC") which, at plaintiff's request that he elect court action, closed the file and issued a right to sue letter on or about January 23, 2012.

14.     As a legal and proximate result of defendants' actions terminating plaintiff's employment with LOWES, plaintiff has been economically damaged, and continues to be economically damaged, in the form of lost earnings, front pay, back pay, loss of benefits, loss of employment opportunities, cost to locate other employment, and other employment benefits, all in an amount in excess of $25,000, subject to proof at trial.

15.     As a further legal and proximate result of defendants' action, plaintiff has reasonably been required to retain counsel to bring this action, and, upon prevailing herein, plaintiff is entitled to recovery reasonable attorneys' fees and costs against defendants, and each of them, pursuant to California Government Code, §12965(b).

16.     Plaintiff is informed and believes that defendants' conduct alleged herein was extreme, outrageous, an abuse of defendants' position of authority over plaintiff, and was deliberately done for the purpose of injuring plaintiff.

17.     As a further legal and proximate result of defendants' above-alleged conduct, plaintiff has suffered, and continues to suffer, severe distress, humiliation, embarrassment, disappointment, worry and anguish, all in an amount in excess of the minimum jurisdiction of this Court, subject to proof at trial.

**COMPLAINT**

A-13

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
## FOR NEGLIGENCE

18.    Plaintiff refers to and incorporates herein by reference paragraphs 1 through 17, above, as though set forth fully herein.

19.    At all times concerned herein, defendants, and each of them, owed to plaintiff a general duty of care to not act in any manner that would injure plaintiff, including, but not limited to, not using false and discriminatory information, reasons, and/or facts to base any negative employment decision and/or to incite or promote the interference of any employment relationship between defendants and plaintiff.

20.    The conduct and practices of defendants, and each of them, as herein alleged, is a breach of that general duty of due care, including, but not limited to, the actions of defendants in discriminating against plaintiff for having an injury and a disability, for having to seek treatment for such injury and disability, and for using reasons and basses upon which to set up plaintiff for termination that have no or little basis as to plaintiff's job performance, and the actions of defendant in terminating the plaintiff while he was injured and had a disability.

21.    As a direct and proximate result of the negligence of the defendants, and each of them, plaintiff has suffered a loss of his income and has been damaged in his health and well being, as outlined above.  Said damages are in an amount not yet ascertained, however, plaintiff will seek leave of court to amend this complaint to insert the exact amount when ascertained.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
## FOR UNFAIR BUSINESS PRACTICES

22.    Plaintiff refers to and incorporates by reference paragraphs 1 through 17, and

COMPLAINT

A-14

19 through 21, above, as though set forth fully herein.

23. This complaint is filed and these proceedings are instituted pursuant to Business & Professions Code, §§17200 et. seq., which prohibits acts of unfair competition, which includes any unlawful, unfair or fraudulent business practices, including those practices outlined above.

24. The conduct and practices of cross-defendants, and each of them, as herein alleged, were and are unlawful, unfair and fraudulent, and the practice of terminating an employee's employment based on disability and retaliation is, unfair, unlawful, unreasonable and unconscionable. In addition to the foregoing, the acts, conduct and practices of defendants, and each of them, are in violation of §§17200, et.seq. of the Business & Professions Code.

25. As a direct and proximate result of the unfair and unlawful business practices of defendants, and each of them, plaintiff is entitled to restitution for his damages and injuries suffered, as outlined above, in an amount not yet ascertained, however, plaintiff will seek leave of court to amend this complaint to insert the exact amount when ascertained.

WHEREFORE, plaintiff, PATRICK C. ADDISON, prays for judgment, as to the respective causes of action outlined above, as follows;

1. For economic damages as alleged herein according to proof;

2. For compensatory and/or emotional distress damages as alleged herein according to proof;

3. For reasonable attorneys' fees and costs as allowed by statute or contract;

4. For pre-judgment interest on all damages herein at the legal rate from the date of plaintiff's discharge; and

///

///

///

**COMPLAINT**

8

5.     For such other and further relief as the Court deems just and proper.

DATED: February 23, 2012                    Respectfully submitted,

                                            ROBERT C. BURLISON, JR.
                                            BURLISON LAW GROUP, P.C.


                            By:     _____
                                            ROBERT C. BURLISON, JR.
                                            Attorneys   for   Plaintiff,   PATRICK   C.
                                            ADDISON

**COMPLAINT**

9

A-16

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
ROBERT C. BURLISON, JR.
BURLISON LAW GROUP, PC
1117 Foothill Boulevard
Suite A
La Canada, CA 91011
TELEPHONE NO.: (818) 790-2044    FAX NO.: (818) 949-4925
ATTORNEY FOR *(Name):* Plaintiff, PATRICK C. ADDISON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central Branch

CASE NAME: ADDISON vs. LOWE'S

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 8 -- 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **BC 480415** JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* 3

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: March 07, 2012

ROBERT C. BURLISON, JR.
_____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

A-17

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

| SHORT TITLE: ADDISON vs. LOWE'S | CASE NUMBER BC 480415 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 3 - 5 [ ] HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A** , the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

LA-CV109

| SHORT TITLE: ADDISON vs. LOWE'S | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

SHORT TITLE: ADDISON vs. LOWE'S | CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: ADDISON vs. LOWE'S | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 26415 Bouquet Canyon Road |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Santa Clarita | CA | 91350 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Superior_____ courthouse in the Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: March 07, 2012

(SIGNATURE OF ATTORNEY/FILING PARTY)

ROBERT C. BURLISON, JR.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

A-22

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

BC 480415

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon Michael P. Linfield | 10 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Fredrick C. Shaller | 46 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle\*** | **323** | **CCW** |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | |

**\*Class Actions**

All class actions are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

EXHIBIT B

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER 97461 | *Reserved for Clerk's File Stamp* |
|---|---|---|

ROBERT C. BURLISON, JR.
BURLISON LAW GROUP, PC
1117 Foothill Boulevard
Suite A
La Canada, CA 91011
(818) 790-2044
ATTORNEY FOR (Name): Plaintiff, PATRICK C. ADDISON

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 North Hill Street
Los Angeles, California 90012

PLAINTIFF: PATRICK C. ADDISON,

DEFENDANT: LOWE'S HOME CENTERS, INC., et al.

| **AMENDMENT TO COMPLAINT**<br>**(Fictitious / Incorrect Name)** | CASE NUMBER:<br>BC 480 415 |
|---|---|

☐ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

| FICTITIOUS NAME |
|---|
| |

and having discovered the true name of the defendant to be:

| TRUE NAME |
|---|
| |

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

☒ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

| INCORRECT NAME |
|---|
| LOWE'S HOME CENTERS, INC. |

and having discovered the true name of the defendant to be:

| TRUE NAME |
|---|
| LOWE'S HIW, INC. |

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| April 05, 2012 | ROBERT C. BURLISON, JR. | |

### ORDER

THE COURT ORDERS the amendment approved and filed.

_____          _____
Dated                                             Judicial Officer

| LACIV 105 (Rev. 01/07)<br>LASC Approved 03-04 | **AMENDMENT TO COMPLAINT**<br>**(Fictitious / Incorrect Name)** | Code Civ. Proc., §§ 471.5,<br>472, 473, 474<br>LA-15 |
|---|---|---|

B-24

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1117 Foothill Boulevard, Suite A, La Canada, California 91011.

On April 6, 2012, I served the foregoing AMENDMENT TO COMPLAINT by placing a copy thereof enclosed in a sealed envelope addressed as follows:

-SEE ATTACHED LIST-

_X_   (BY MAIL)   By placing the envelope for collection and mailing on the date shown above, at La Canada, California, following our ordinary business practices. I am readily familiar with this business' practices for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepared.

____   (BY PERSONAL SERVICE) I personally delivered by hand such envelope to the offices of the addressee.

____   BY FAX TRANSMISSION) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the person(s) at the fax numbers listed. The fax machine reported no error that I used. A copy of the record of the fax transmission, which I printed out, is attached.

____   (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the addresses listed. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____   (BY E-MAIL) Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed. A copy of the record of the email transmission was successful.

Executed on April 6, 2012, at La Canada, California.

_X_   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

____   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

DEBBIE MONTIEL
TYPE OR PRINT NAME

SIGNATURE

ADDISON vs. LOWE'S / BC 480 415

## PROOF OF SERVICE LIST

Ms. Christiane Roussell
Hunton & Williams, LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
(213) 532-2193
(213) 312-4761
croussell@hunton.com

EXHIBIT C

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 17 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

1  HUNTON & WILLIAMS LLP
   EMILY BURKHARDT VICENTE (State Bar No. 263990)
2  Email: ebvicente@hunton.com
   CHRISTIANE A. ROUSSELL (State Bar No. 249847)
3  Email: croussell@hunton.com
   550 South Hope Street, Suite 2000
4  Los Angeles, California 90071
   Telephone: (213) 532-2000
5  Facsimile: (213) 532-2020
6
7  Attorneys for Defendant
   LOWE'S HIW, INC.
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

                       COUNTY OF LOS ANGELES

10 PATRICK C. ADDISON,                    CASE NO.:  BC480415
11
              Plaintiff,
12
      v.
13                                        LOWE'S HIW, INC.'S ANSWER TO
                                          PLAINTIFF'S UNVERIFIED AMENDED
14                                        COMPLAINT

15 LOWE'S HIW, INC., and DOES, 1 through 25,
   Inclusive,                             Complaint filed:  March 8, 2012
16
              Defendants.
17

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

18
19
20
21
22
23
24
25
26
27
28

LOWE'S HIW, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED AMENDED COMPLAINT

C-27

Defendant Lowe's HIW, Inc. ("Defendant" or "Lowe's") hereby answers the unverified Complaint filed by Plaintiff Patrick C. Addison ("Plaintiff").

## GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation in the Complaint. Defendant further denies, generally and specifically, that Plaintiff has been injured in any sum therein alleged, and that Plaintiff is entitled to damages or any other relief whatsoever by reason of any act or omission on the part of Defendant.

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.     Plaintiff's Complaint, and each claim contained therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

2.     Plaintiff's claims are barred in whole or in part because he failed to exhaust his administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

3.     Plaintiff had a duty to take reasonable steps to mitigate and/or avoid his damages. To the extent that Plaintiff failed to take such steps, he is barred in whole or in part from recovering damages in this action, if any.

### FOURTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

4.     Plaintiff unreasonably failed to take advantage on a timely basis of any preventative or corrective safeguards to avoid harm.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

1

C-28

**FIFTH AFFIRMATIVE DEFENSE**

(Satisfaction of Duty)

5.    Defendant satisfied, fulfilled, and performed each and every obligation and duty imposed by law or contract to the full extent of its responsibility.

**SIXTH AFFIRMATIVE DEFENSE**

(At-Will Employment)

6.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's employment was terminable at will.

**SEVENTH AFFIRMATIVE DEFENSE**

(Discrimination Prevention)

7.    Defendant, at all relevant times herein, took all appropriate actions to prevent any discriminatory conduct from occurring, thereby satisfying all legal obligations Defendant owed to Plaintiff, if any at all.  Further, even if any unlawful conduct occurred, which Defendant denies, such conduct was prohibited by Lowe's policies, was directly contrary to Defendant's good faith efforts to comply with anti-discrimination laws, and was not within the actual or constructive knowledge of higher management in Lowe's corporate structure, nor was it committed, countenanced, ratified or approved by higher management in Lowe's corporate structure.

**EIGHTH AFFIRMATIVE DEFENSE**

(Unable to Perform Essential Functions/Not Otherwise Qualified)

8.    Plaintiff's claims are barred in whole or in part because Plaintiff was not able to perform the essential functions of his position with or without a reasonable accommodation.

**NINTH AFFIRMATIVE DEFENSE**

(Defendant Engaged in Interactive Process)

9.    To the extent that Plaintiff made a request that would trigger an obligation for Defendant to engage in the interactive process with Plaintiff, Defendant properly discharged any such obligation in good faith.

///

///

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

2

**TENTH AFFIRMATIVE DEFENSE**

(Plaintiff Failed to Engage in Interactive Process)

10.     Plaintiff failed to engage in good faith in the interactive process with Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Privilege and/or Justification)

11.     Plaintiff's claims are barred in whole or in part because Defendant's actions and omissions, and those of Lowe's managers, were privileged and/or justified.

**TWELFTH AFFIRMATIVE DEFENSE**

(Estoppel/Waiver)

12.     Plaintiff is estopped from advancing the claims asserted and/or has waived his right to advance the claims asserted.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

13.     To the extent Plaintiff seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Workers' Compensation Act Exclusivity)

14.     Plaintiff's claims are barred in part by California Labor Code section 3600 *et seq.*, which provides the exclusive remedy for some of Plaintiff's alleged injuries.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Punitive Damages Not Available)

15.     Plaintiff fails to allege facts sufficient to support an award of punitive damages as a matter of law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Punitive Damages Unconstitutional)

16.     An award of punitive damages would be an unconstitutional denial of Defendant's right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

3

C-30

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

17.     Plaintiff has failed to exercise reasonable care, caution, and prudence in his own actions and inactions and, therefore, any damages actually sustained by Plaintiff, if any, have been proximately caused or contributed to by Plaintiff's own actions and negligence. Plaintiff's recovery, if any, must therefore be reduced by the amount of such negligence or fault.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Duplicative Claims)

18.     Plaintiff's Complaint asserts claims for relief that are duplicative and based upon the same alleged facts. Plaintiff is precluded from recovering for damages on duplicative claims.

### NINETEENTH AFFIRMATIVE DEFENSE

(Legitimate, Non-Discriminatory Actions)

19.     Any recovery on Plaintiff's Complaint is barred in whole or in part because the actions alleged to be taken with respect to Plaintiff by Defendant in the Complaint were undertaken for legitimate, non-discriminatory reasons and all actions taken by Defendant were for good cause and not for any improper reason or motive.

### TWENTIETH AFFIRMATIVE DEFENSE

(Scope of Authority)

20.     Any alleged unlawful conduct engaged in by agents of Lowe's upon which Plaintiff bases his claims, if they were made at all, were made outside the course and scope of such agents' authority. Accordingly, Plaintiff is barred from asserting any purported cause of action against Defendant based on this alleged conduct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Consent)

21.     The Complaint and each purported cause of action contained therein, are barred to the extent Plaintiff consented to the alleged conduct.

///

///

LOWE'S HIW, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED AMENDED COMPLAINT

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Offset)

22.     Any damages claimed by Plaintiff should be reduced to the extent they are subject to an offset, representing amounts improperly obtained from Defendant or which would constitute unjust enrichment of Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Proximate Causation)

23.     Plaintiff's damages, if any, were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Violation of Underlying Law)

24.     Lowe's is not liable for violation of unlawful business practices pursuant to California Business and Professions Code § 17200, *et seq.* because it is not liable to Plaintiff for any alleged violation of any underlying state or federal laws.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Benefits of Business Practice)

25.     Lowe's is not liable for any alleged violation of unfair business practices pursuant to California Business and Professions Code § 17200, *et seq.* because the benefits of Lowe's practices to Plaintiff outweigh whatever particular harm or impact the practices allegedly caused him.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Unfair, Misleading, or Deceptive Business Practice)

26.     Lowe's is not liable for any alleged violation of unfair business practices pursuant to Business and Professions Code § 17200, *et seq.* because its business practices were not unfair, deceptive, or likely to mislead anyone.

///
///
///
///

5

C-32

Hunton & Williams LLP<br>550 South Hope Street, Suite 2000<br>Los Angeles, California 90071

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

27.     In the event it is determined that any of the alleged unlawful acts took place, which allegations are denied, and to the extent that Defendant failed to comply in any respect with any applicable statute or implementing administrative regulation, Defendant, at all times mentioned in the Complaint, substantially complied with the essential substance of every reasonable objective in each statute and/or administrative regulation.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

28.     Defendant presently has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses if discovery indicates that such additional affirmative defenses would be appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That all relief requested in the Complaint be denied;

2.     That Plaintiff take nothing by this action;

3.     That Defendant be awarded the costs of suit incurred herein;

4.     That Defendant be awarded its attorneys' fees according to proof; and

5.     That the Court award Defendant such other and further relief as the Court may deem proper.

DATED:  April 17, 2012                    HUNTON & WILLIAMS LLP

By:  _____

CHRISTIANE A. ROUSSELL
Attorneys for Defendant
LOWE'S HIW, INC.

6

1

## CERTIFICATE OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

I am employed in the County of Los Angeles, State of California.  I am over the age of 18

years and not a party to this action.  My business address is: 550 S. Hope Street, Suite 2000, Los

5

Angeles, California 90071.

6

On April 17, 2012, I served the foregoing document described as

7

8

**LOWE'S HIW, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED AMENDED
COMPLAINT**

9

on the interested parties in this action:

10

Robert C. Burlison, Jr., Esq.

11

Burlison Law Group, P.C.
1117 Foothill Blvd., Suite A

12

La Canada, California 91011

13

*Attorneys for Plaintiff*

14

☐   **By FAX:**  by causing a true copy thereof to be sent via facsimile to the attorney(s) of

15

record at the telecopier number(s) so indicated above and that the transmission was
reported as completed and without error.

16

☒   **By MAIL:**  by placing true and correct copy(ies) thereof in an envelope addressed to the

17

attorney(s) of record, addressed as stated above.

18

☐   **By PERSONAL SERVICE:**  by causing a true copy thereof to be delivered by hand on

the addressee, addressed as stated above

19

☐   **By FEDERAL EXPRESS:**  by causing same to be delivered via Federal Express to the

20

addressee(s).

21

I declare under penalty of perjury under the laws of the State of California that the above is

22

true and correct.

23

Executed on April 17, 2012, at Los Angeles, California.

24

25

*Valerie C. Mitsunaga*

26

Valerie C. Mitsunaga

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV12- 3357 MMM (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Patrick C. Addison | Lowe's HIW, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Robert C. Burlison, Jr., Burlison Law Group, PC, 1117 Foothill Boulevard, La Canada, CA 91011, (818) 790-2044 | Emily Burkhardt Vicente & Christiane A. Roussell, Hunton & Williams LLP, 550 South Hope Street, Suite 2000, L.A., CA 90071, (213) 532-2000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal of action pursuant to 28 U.S.C. sections 1332, 1441, and 1446 (Diversity jurisdiction)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | PERSONAL INJURY | PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☑ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV12-3357**

FOR OFFICE USE ONLY:     Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | North Carolina |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Christael A R_   Date April 18, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |